**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOURDES NADER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WALMART INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:23-cv-01535-GMN-EJY <br><br> **ORDER DENYING MOTION TO REMAND** |

Pending before the Court is the Motion to Remand, (ECF No. 6), filed by Plaintiff Lourdes Nader. Defendant Walmart, Inc. filed a Response. (ECF No. 7). Because this case was not removable from the face of the Complaint, the Court **DENIES** Plaintiff's Motion to Remand on timeliness grounds. Nonetheless, in light of this Court's independent obligation to ensure that subject matter jurisdiction exists, the Court **ORDERS** Defendant to show cause as to how the amount in controversy exceeds $75,000.00.

**I.     BACKGROUND**

This case arises from a slip-and-fall incident on August 16, 2021. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-2). Plaintiff alleges that she suffered serious injury after slipping on a banana peel on the floor of a Walmart in Clark County, Nevada. (*Id.* ¶¶ 11–13).

On July 12, 2023, Plaintiff filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada, against Walmart and unidentified Does and Roes, claiming an amount in controversy exceeding $50,000.00 in the caption. (*See generally* Compl., Ex. A to Pet. Removal). Plaintiff sought general and special damages each in excess of $15,000.00, undetermined medical and incidental expenses, lost wages, lost household services, and legal fees. (*Id.* ¶¶ 16–19). Walmart was served on July 18, 2023. (*See* Aff. Serv., Ex. F to Pet. Removal, ECF No. 1-7).

On September 5, 2023, Plaintiff filed a Request for Exemption from Arbitration. (*See* Req. Exemption Arb., Ex. C to Pet. Removal, ECF No. 1-4). Plaintiff alleged medical specials of $30,929.01 and future medical treatment of $9,725.00, totaling $40,654.01. (*Id.* 2:9–13). Other future medical treatment, pain and suffering, and lost wages had yet to be specified. (*Id.*).

Twenty-two days after the Request for Exemption from Arbitration, on September 27, 2023, Walmart removed this case to federal court on the basis of diversity jurisdiction. (Pet. Removal ¶ 15, ECF No. 1). Plaintiff now moves to remand to state court because Walmart petitioned for removal 42 days after being served the Complaint, rendering the Petition for Removal untimely if the case was removable from the face of the Complaint. (Mot. Remand).

## II.        **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. Removing defendants must file a notice of removal within thirty days from the point that the case has become removable. *Id.* § 1446(b).

"The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). To remove

a state law civil action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332(a). If the initial pleading does not establish diversity jurisdiction, the case becomes removable from when a party can ascertain that the case has diversity jurisdiction. *Id.* § 1446(b)(3). The party with the burden of proof must provide specific, factual allegations showing how the case in controversy exceeds $75,000.00. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91.

### III.     DISCUSSION

As a preliminary matter, complete diversity of citizenship is not in dispute.[1] (*See generally* Mot. Remand). At issue in Plaintiff's Motion is whether removal was timely based on when it became ascertainable that the amount in controversy exceeds $75,000.00. If Defendant could have ascertained that the amount in controversy exceeded $75,000.00 from the face of the Complaint, then Defendant's notice of removal was untimely. But if the case did not become removable until Plaintiff filed a Request for Exemption from Arbitration, then Defendant's notice of removal was timely.

Plaintiff argues that case was removable on the face of the Complaint. (Mot. Remand 2:21–3:2). The caption of the Complaint states an amount in controversy in excess of $50,000.00. (Compl. 1:14, Ex. A to Pet. Removal). Additionally, the Complaint notes that continuing medical treatment, lost wages, and pain and suffering for "permanent and disabling" injuries were at a "presently unascertainable amount." (*Id.* ¶¶ 16–19). The Complaint includes the following prayer for relief:

> WHEREFORE, PLAINTIFF, expressly reserving the right to amend this Complaint prior to at the time of the trial of the action herein to insert those items

---

[1] Plaintiff is a citizen of Nevada, and Defendant is a citizen of Delaware and Arkansas. (Pet. Removal ¶¶ 16–19).

    of damage not yet fully ascertainable, prays judgment against all Defendants, and
    each of them as follows:
    1. For general damages in an amount in excess of $15,000.00;
    2. For special damages in an amount in excess of $15,000.00;
    3. Medical and incidental expenses incurred and to be incurred
    4. Past and future loss of wages and vocational capacity;
    5. Past and future loss of household services;
    6. Costs of suit, attorney fees, pre-judgment interest and post-judgmental interest;
    and
    7. For such other and further relief as the Court may deem just and proper.

(Compl. 7:6–15, Ex. A to Pet. Removal). Based on this prayer for relief, the face of the Complaint supports an amount in controversy that exceeds only $30,000.00. The Complaint does not provide specific, factual allegations showing how the case in controversy exceeds the requested $50,000.00, let alone the $75,000.00 necessary for federal jurisdiction. Therefore, the case was not removable from the face of the Complaint, and Defendant's notice of removal was not untimely for failure to be filed within 30 days of service of process. The Court thus DENIES the Motion to Remand.

   Plaintiff's unavailing arguments in her Motion to Remand aside, this Court has an "independent obligation to determine whether subject matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In response to Plaintiff's Motion to Remand, Defendant argues that the Request for Exemption from Arbitration was the first time Defendant could ascertain, based on the detailed medical specials, that the amount of controversy exceeds $75,000.00. (Pet. Removal ¶¶ 8–12). The Request for Exemption from Arbitration provided detailed medical and treatment specials amounting to over $40,654.01, plus up to two years of undetermined lost wages. (Req. Exemption Arb. 2:11–15, Ex. C. to Pet. Removal). Although the Request for Exemption from Arbitration, filed on September 5, 2023, was the first time Plaintiff provided any specific or factual expenses, the Court is still unable to discern an amount in controversy exceeding $75,000.00 from this filing alone. Indeed, Defendant itself argued in state court that "Plaintiff's claims do not support a probable jury award value in

excess of $50,000.00." (Opp'n Req. Exemption Arb., Ex. D to Pet. Removal, ECF No. 1-5). Because the state court granted Plaintiff's request for exemption from arbitration, the Court acknowledges that the amount in controversy likely exceeds $50,000.00, but the Court is not convinced that the amount in controversy exceeds $75,000.00 to satisfy federal subject matter jurisdiction requirements. Accordingly, the Court orders Defendant to show cause explaining how the amount in controversy exceeds $75,000.00 in this case to warrant the exercise of diversity jurisdiction.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 6), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant show cause as to why this case should not be remanded for lack of subject matter jurisdiction. Defendant shall have until 21 days from the date of this order to file a brief, not to exceed ten pages, demonstrating how the amount in controversy exceeds $75,000.00.

**DATED** this __1__ day of March, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT