**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant Walmart Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOURDES NADER, individually,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Foreign Corporation d/b/a WAL-MART; DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendant. | CASE NO:  2:23-cv-01535-GMN-DJA<br><br>**JOINT ~~PROPOSED~~ DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

COME NOW Plaintiff, LOURDES NADER, and Defendant, WALMART, INC. ("Defendant"), by and through their respective counsel of record, and hereby submit this Joint Proposed Discovery Plan and Scheduling Order.

**Fed.R.Civ.P. 26(f) Conference**

The parties participated in the FRCP 26(f) conference on June 20, 2024, and there were no discovery disputes at that time. Plaintiff and Defendant will serve their respective initial disclosure statements no later than July 2, 2024. The parties now propose the following discovery plan:

1. **Discovery Cut-Off Date:** Defendant filed its Petition for Removal on September 27, 2023, based upon damages alleged in Plaintiff's Request for Exemption from Arbitration, which was filed on September 5, 2023. Prior to Removal, the parties were not permitted to begin discovery. On October 27, 2023, Plaintiff filed her Motion to Remand. Walmart opposed Plaintiff's Motion to Remand on November 13, 2023, and the Court granted a stay of discovery on December 18, 2023.

1

KRB/20147-81

1 The Court denied Plaintiff's Motion on June 3, 2024.

2 Ordinarily, and pursuant to LR 26-1(b), the discovery cut-off date would be based upon the date Defendant filed its Answer, August 15, 2023; however, as mentioned above, the parties are requesting a special scheduling review and a discovery cut-off date of March 20, 2025, which is 270 days from the date of the parties' FRCP 26(f) conference. To reiterate, the parties request special scheduling review based upon time lost awaiting Plaintiffs' Request for Exemption, removing the matter to federal court, and awaiting the Court's decision regarding Plaintiff's Motion to Remand. In addition, Plaintiff's counsel, a solo practitioner, is expecting the birth of his child within the next two weeks and additional time is needed for the parties to meet the discovery needs for the case. Lastly, this allows the parties to enter into a stipulated protective order and/or to conduct motion practice regarding a protective order. Accordingly, the parties request special scheduling review, as the established deadlines cannot be met in this particular circumstance. For these reasons, the parties respectfully request a discovery cut-off date of March 20, 2025.

2. **Amending the Pleadings and Adding Parties:** The parties request that all motions to amend the pleadings or to add parties be filed no later than December 20, ~~2025~~ 2024, which is 90 days before the March 20, 2025, close of discovery.

3. **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts):** The parties request the disclosure of experts be made on or before January 20, 2025, which is 60 days before the March 20, 2025, close of discovery. Disclosure of rebuttal experts shall be made by February 19, 2025, which is 30 days after the January 20, 2025, deadline for disclosure of experts.

5. **Dispositive Motions:** The date for filing dispositive motions shall be no later than April 21, 2025, which is 30 days after the March 20, 2025, close of discovery. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

6. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than May 21, 2025, which is 30 days after the April 21, 2025, deadline for dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30

days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

7. **Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

8. **Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration and/or an early neutral evaluation. The parties agree that an early neutral evaluation would not be effective at this time as the parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. Counsel further agree that a settlement conference will be beneficial after discovery is concluded. Finally, the parties and their counsel are not interested in submitting this case to arbitration at this time.

9. **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to a trial by a magistrate judge or engaging in the Short Trial Program under Fed.R.Civ.P. 73 and at present do not consent to either alternative form of case disposition.

10. **Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the Pre-Trial Order.

11. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

. . .

. . .

. . .

. . .

3

KRB/20147-81

12. **Service of Discovery by Electronic Means**

Pursuant to FRCP 5(b)(2)(E) the parties have agreed to accept service of discovery documents by electronic means namely electronic mail.

| | |
|---|---|
| DATED this 26 day of June, 2024.<br>**MARKMAN LAW** | DATED this 26 day of June, 2024.<br>**HALL & EVANS, LLC** |
| /s/David Markman<br>David Markman, Esq.<br>Nevada Bar No. 12440<br>4484 South Pecos Road<br>Suite 130<br>Las Vegas, Nevada 89121<br>(702) 843-5899<br>*Attorneys for Plaintiff* | /s/ Kurt R. Bonds<br>Kurt r. Bonds, esq.<br>Nevada Bar No. 6228<br>Tanya M. Fraser, esq.<br>Nevada Bar No. 13872<br>1160 North Town Center Drive<br>Suite 330<br>Las Vegas, Nevada 89144<br>(702) 998-1022<br>nvefile@hallevans.com |

**ORDER**

IT IS SO ORDERED:

7/1/2024
_____
DATE

_____
UNITED STATES MAGISTRATE JUDGE

SUBMITTED by:

HALL & EVANS, LLC

/s/Kurt R. Bonds
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Walmart Inc.*

KRB/20147-81